# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:08CR00024-36 |
| v. | ) | **OPINION** |
| | ) | |
| **DOUGLAS LEE STALLWORTH,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Douglas Lee Stallworth, Pro Se Defendant.*

The defendant, Douglas Lee Stallworth, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter is before me upon the United States' Motion to Dismiss. Stallworth responded to the motion, making the matter ripe for disposition. After reviewing the record, I find that Stallworth's § 2255 claims are without merit and must be dismissed.

I.

In May 2008, Stallworth was indicted for conspiring to distribute and possess with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the court subsequently appointed counsel. A jury convicted Stallworth of the conspiracy charge, I sentenced Stallworth to the statutorily mandated minimum sentence of life imprisonment, and

the United States Court of Appeals for the Fourth Circuit affirmed. *United States v. Stallworth*, 466 F. App'x 218, 220 (4th Cir.) (unpublished), *cert. denied*, 192 S. Ct. 2696 (2012).

Stallworth presents numerous claims in his § 2255 motion, many of which were presented on appeal or could have been presented on appeal but were not. For the following reasons, none of Stallworth's claims warrant relief, and consequently, I will grant the United States' Motion to Dismiss.

II.

Stallworth argues in his § 2255 motion and argued during his appeal that, inter alia, the evidence was insufficient to establish his participation in the conspiracy or involvement in the distribution of at least fifty grams of crack cocaine and that his life sentence violates the Eighth Amendment's cruel and unusual punishment clause. The court of appeals already rejected these arguments during direct review. Because these claims were already decided on direct appeal, they may not be relitigated in a § 2255 motion. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, these claims will be dismissed.

III.

Stallworth also presents the following three disparate claims. First, the court lacked personal and subject matter jurisdiction because Virginia, Tennessee, and

the United States violated the Extradition Act, 18 U.S.C. § 3182; the Interstate Agreement on Detainers Act, 18 U.S.C. app. 2; and various articles and amendments of the United States Constitution. Second, his conviction constitutes double jeopardy, and third, the United States obtained the indictment and conviction by defrauding the grand and petit juries. None of these claims were presented to the court of appeals.

Claims that could have been, but were not, raised on direct appeal are procedurally barred from review under § 2255 unless a defendant demonstrates actual innocence or both cause for the default and actual prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Stallworth fails to establish actual innocence or cause and prejudice. *See, e.g.*, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *see also Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (en banc) ("[A] bare, conclusory assertion that [a petitioner] is actually innocent is not sufficient to invoke the [*Schlup*] exception."). Accordingly, these claims will be dismissed as procedurally defaulted.

IV.

Stallworth presents numerous claims of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged

test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[1] *Strickland*, 466 U.S. at 687-88. The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Several of Stallworth's ineffective assistance claims are based on patently false assumptions. Stallworth alleges that counsel denied him his right to testify during his trial. (§ 2255 Mot. 6C-6D, ECF No. 2995.) However, I fully advised Stallworth at the end of the United States' case-in-chief about his right to decide whether to testify, and Stallworth did not indicate any desire to testify. (Trial Tr. 7-8, Oct. 29, 2008, ECF No. 2468.) Stallworth faults counsel for not investigating

---

[1] *Strickland* established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight, . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." *Id.*

his prior criminal record, claiming that he had not been previously convicted of drug distribution crimes that were the foundation of the life sentence. (§ 2255 Motion 6B, ECF No. 2995.) However, Stallworth admitted to these convictions during his sentencing hearing. (Sentencing Tr. 3-5, Sept. 8, 2009, ECF No. 2401.) Stallworth also faults counsel for not requesting a special verdict form of the same type as his codefendants, but I included the same special verdict form for Stallworth as co-conspirator Baumgardner. (§ 2255 Mot. 6E, ECF No. 2995; Verdict Form, ECF No. 1092.) Stallworth complains that counsel did not ask for a "buyer/seller" or "simple possession" jury instruction, but I included the relevant instruction in the final jury instructions. (§ 2255 Mot. 6E, ECF No. 2995; Jury Instructions 22:8-10, ECF No. 1093.) Stallworth argues that he was prejudiced when counsel did not object to the introduction of his prior convictions for drug trafficking, but I had ruled that these prior convictions were relevant and admissible, notwithstanding any objection. (§ 2255 Mot. 6B-6C, ECF No. 2995; Trial Tr. 9:16–10:6, Oct. 29, 2008, ECF No. 2468.)

In another claim of ineffective assistance of counsel, Stallworth alleges that counsel operated under a conflict of interest because counsel was appointed a Special Assistant United States Attorney many years ago while a Commonwealth's Attorney in Wise County, Virginia. (§ 2255 Mot. 6F-6G, ECF No. 2995.)

Stallworth believes this past position constitutes a conflict of interest because the Commonwealth of Virginia had prosecuted him previously for numerous drug offenses in the City of Bristol. (*Id.* at 6G.)

To establish that a conflict of interest resulted in ineffective assistance, Stallworth must show that counsel operated under a conflict of interest and that the conflict "adversely affected" counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980). To demonstrate an "adverse affect," Stallworth must identify a plausible, alternative defense strategy or tactic that counsel might have pursued that was objectively reasonable under the facts known to counsel at that time and must also establish that counsel's "failure to pursue that strategy or tactic was linked to the actual conflict." *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001).

Stallworth fails to establish either an actual conflict or a forfeited meritorious defense. The only basis for Stallworth's claim is a citation to *United States v. Belcher*, 762 F. Supp. 666, 668 (W.D. Va. 1991), in which counsel appeared as a Special Assistant United States Attorney for the Western District of Virginia. (§ 2255 Mot. 6G, ECF No. 2995.) There is nothing about counsel's appearance on behalf of the United States seventeen years earlier in an unrelated

case that indicates an actual or potential conflict of interest, and counsel has long since been in private practice.

Stallworth's remaining claims of ineffective assistance of counsel are unsupported assertions and conclusory statements, such as, "Counsel failed to object to prosecutor's repeated improper comments[,]" and "Decision not to interview potential beneficial witnesses was ineffective." (*Id.* at 6B.) Such conclusory assertions made without any evidentiary support are not sufficient to warrant relief or even an evidentiary hearing. *See, e.g.*, *United States v. Dyess*, 730 F.3d 354, 359-60 (4th Cir. 2013); *see also* Rule 2(b) of the Rules Governing Section 2255 Proceedings (requiring a § 2255 motion to specify all grounds for relief and state the facts supporting each ground). Even for the claims in which he provided some factual context, Stallworth does not sufficiently describe deficient performance or resulting prejudice. After reviewing the record of the proceedings and all of Stallworth's remaining claims of ineffective assistance of counsel, I find that Stallworth fails to describe any meritorious claim. Accordingly, the ineffective assistance claims will be dismissed.

V.

In conclusion, I will grant the United States' Motion to Dismiss and will dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: May 6, 2015

/s/ James P. Jones
United States District Judge